USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/7/2023

# ZAR LAW FIRM

**PROFESSIONAL LIMITED LIABILITY COMPANY**

March 6, 2023

*Via CM/ECF*
United States District Judge Vernon S. Broderick
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**    Civil Action No. 1:22-cv-04798-VSB, *La Porte Hospitality LLC v. Renaissance re Syndicate 1458 Lloyd's and Mt. Hawley Insurance Company*, In the United States District Court for the Southern District of New York; Discovery Dispute Letter.

Dear Judge Broderick:

Pursuant to Rule 3 of the Court's Individual Rules & Practices in Civil Cases, Plaintiff La Porte Hospitality Inc. ("Plaintiff") and Defendants Mt. Hawley Insurance Company ("Mt. Hawley") and Renaissance Re Syndicate 1458 Lloyd's ("Renaissance") (collectively "Defendants") file this joint letter to outline a discovery dispute regarding documents which Plaintiff alleges Defendants have failed to produce. More specifically, Plaintiff seeks moisture mapping and water mitigation reports which were purportedly prepared by Defendants' third-party adjusting company, Madsen, Kneppers & Associates, Inc. ("MKA"). Defense counsel has advised on more than one occasion, and in writing, that no such documents exist and no moisture mapping was performed by MKA.

## Disputed Discovery Requests

The following requests for production are in dispute, with specific reference to moisture mapping documents and water mitigation report documents:

**REQUEST FOR PRODUCTION NO. 6**

Produce all documents (including photos, reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

**RESPONSE:**

Mt. Hawley objects to this request because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case. Mt. Hawley further objects to this interrogatory to the extent it seeks documents protected by the attorney client privilege or work product doctrine. Mt. Hawley also objects to this request to the extent it calls for confidential and proprietary business information.

3900 Essex Ln. | Suite 1011 | Houston, TX 77027 | Phone: (713) 333-5533 | Fax: (281) 888-3150 | www.zar-law.com

Subject to and without waiving these objections, Mt. Hawley will produce the relevant, nonprivileged portions of the claim file, which contains documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 15

Produce the report(s), contract(s), agreement(s) and/or written understanding(s) with any engineers, engineering firms, and/or expert, you retained to investigate, handle and/or adjust Plaintiff's Claim.

## RESPONSE:

Mt. Hawley objects to this request because it is overly broad, unduly burdensome, calls for documents neither relevant to any party's claim or defense, nor proportional to the needs of the case, and to the extent it calls for confidential and proprietary business information. Mt. Hawley further objects to the extent this request seeks documents from third parties that are not within Mt. Hawley's custody or control. In addition, Mt. Hawley objects to this request as to expert witnesses as violative of Rule 26(a)(2) of the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Mt. Hawley will produce the relevant, nonprivileged portions of the claim file, which contains documents responsive to this request. Mt. Hawley will also appropriately designate experts and supply reports as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

*See* Exhibit A – Disputed Requests for Production and Objections/Responses.

## Compliance with "Meet and Confer" Rule

Pursuant to Federal Rule of Civil Procedure 37(a)(1), counsel for the parties respectively certify that they communicated by phone and e-mail in good faith and attempted to resolve this dispute without the need for court action. More specifically, Plaintiff's counsel, Matthew Zarghouni, and Defendants' counsel, Tony Kirkwood, exchanged several emails between February 16-17, 2023 regarding the subject dispute. Mr. Zarghouni maintains that documentary evidence, including defense counsel's letter in response to Plaintiff's presuit demand, plainly indicate that moisture mapping documents exist and therefore must be produced. Mr. Kirkwood maintains that the documents sought by Plaintiff do not exist and has confirmed this through the review of documents, including Defendants' documents, Plaintiff's documents, expert files, and MKA's August 2022 response to Plaintiff's subpoena. In addition, Defense Counsel has confirmed with MKA, by phone, that that no such documents exist, no such documents were withheld in response to Plaintiff's subpoena, and no moisture mapping was performed by MKA. Because counsel have been unable to resolve the dispute, they jointly drafted this letter.

2

## PLAINTIFF'S POSITION

### Relevant Background

This is a first-party insurance dispute involving the scope and amount of water loss at Plaintiff's hotel located in La Porte, Texas ("the Hotel"). The Hotel sustained extensive water damage on February 15, 2021 (during Winter Storm Uri), after its fire suppression system pipes burst in multiple locations, discharging water into the guestrooms and in between the walls. Plaintiff immediately reported the loss to Defendants under Claim No. 00493717 (the "Claim").

On or about April 2, 2021, Plaintiff presented Defendants with two repair/restoration proposals: one for damage to the building in the amount of $1,473,115.73, and one for the damage to the building's fire suppression system in the amount of $35,750.00. The proposal for the building included the removal, sanitization, and replacement of the drywall, flooring, insulation, and exterior sidings. In response, Defendants retained a third-party adjusting company, MKA. The scope of MKA's assignment is outlined in an April 13, 2021 letter from Defendants' outside adjuster, Engle Martin and Associates ("Engle Martin"), wherein Engle Martin directed MKA to "provide an analysis of the scope and amount of loss" and "[p]rovide moisture mapping." The same letter shows MKA "provided a budget in the amount of $12,7500.00 for this service, which the carrier has approved."

Moisture mapping is a process used to identify wet areas within a structure and to provide a visual representation of the location and extent of moisture content. The location and extent of moisture are typically detected using infrared cameras and/or moisture meters, the readings of which are depicted in a moisture map. A moisture map is a visual representation of the location of the moisture content readings and is typically presented as a paper map or a computer summary. The purpose of moisture mapping is to determine the scope of water mitigation needed, e.g., drying of the wet areas, sanitization, and/or demolition.

Here, MKA's representatives, Andrew Singletary ("Singletary") and Johnny Anastasiades ("Anastasiades") inspected the Hotel on April 13, 2021. On April 14, 2021 Engle Martin reported to Defendants, "[a]pparently a full moisture map was completed, and Singletary is working on his report and estimate of the loss." Furthermore, Defendant's response to Plaintiff presuit demand letter states, "Mr. Andrew Singeltary of MKA inspected the Property, conducted moisture mapping, and determined that thirteen guest rooms the second-floor laundry second-floor exterior corridor and the manager's apartment sustained water damage."

On April 30, 2021, Engle Martin sent Plaintiff a statement of loss along with a repair estimate from MKA. The loss estimate provided for $143,198.44 for repairs based on MKA's estimate (identified as MKA project number 2021.1369) and $35,750.00 for the fire suppression system repairs, based the quote Plaintiff provided. However, Engle Martin did not provide any moisture mapping reports/results or any water mitigation scope report.

On March 28, 2022, Plaintiff served Defendants with its written discovery requests. *See* Exhibit A. Plaintiff's Requests for Production Nos. 6 and 15 contemplated, among other things, all surveys, contracts, agreements, reports, and damage estimates from Defendants' adjusters and

experts. *See* Exhibit A. Renaissance objected on multiple grounds, and subject to its objections, deferred to Mt. Hawley by responding, "Mt. Hawley will produce the relevant, nonprivileged portions of the claim file, which contains documents responsive to this request." *See* Exhibit A. Mt. Hawley also objected on multiple grounds, and subject to its objections, responded, "Mt. Hawley will produce the relevant, nonprivileged portions of the claim file, which contains documents responsive to this request." *See* Exhibit A.

On July 7, 2022, Plaintiff also served MKA with a subpoena and notice of deposition upon written questions, wherein Plaintiff requested MKA's complete file for the subject claim. In response, MKA asserted a number of objections, including attorney-client privilege, work product, common interest, and joint defense privilege. Subject to those objections, MKA produced photographs, a repair estimate, claim correspondence, and an invoice to "document and quantify the extent of water damage." MKA's production did not include any documents directly relating to moisture mapping or water mitigation.

## Position

Three separate documents indicate the existence of the discovery sought by Plaintiff. First, an assignment letter from Engle Martin to MKA, dated April 13, 2021, states that MKA was being hired to provide an analysis of the scope and amount of loss and to provide moisture mapping, with an approved budget of $12,750.00. Second, a claim report letter from Engle Martin to Defendants, dated April 14, 2021, states that a full moisture map was completed and that Singletary was working on his report and estimate of loss. Third, Defendant's response letter to Plaintiff's pre-suit notice states that Singletary of MKA inspected the Property and conducted moisture mapping.

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." Fed. R. Civ. P. 26(b)(1). The moisture map is relevant as it relates to the claim investigation and determination of the scope and amount of loss, which is the subject of this dispute. Given the dispute over the scope and amount of loss, combined with the fact that that MKA purportedly performed a full moisture map near the date of loss, the map would identify the moisture content of the building materials throughout the property and where water mitigation and repairs to the Hotel were required. The water mitigation report is relevant as it describes the extent of water mitigation corresponding to the moisture map.

Furthermore, a party is obliged to produce requested materials that are within its possession, custody or control, not merely those within its possession. *See, e.g., United States v. Stein*, 488 F.Supp.2d 350, 360–64 (S.D.N.Y. 2007); *In re NTL Secur. Litig.*, 244 F.R.D. 179, 194–96 (S.D.N.Y. 2007) (Peck, M.J.); *In re Auction Houses Antitrust Litig.*, 196 F.R.D. 444 (S.D.N.Y. 2000); *Jacoby v. Hartford Life and Acc. Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009). Given that Defendants hired MKA and apparently paid $12,750.00 for its services, including moisture mapping and scope of water mitigation determination, Defendants can obtain the resulting documentation from MKA and produce those reports in response to Plaintiff's discovery requests. Additionally, because Defendants have designated Singletary of MKA as one of its testifying experts, the documents sought should be within Defendants' possession, custody, or control.

4

Accordingly, Defendants' objections should be overruled, and Defendants should be ordered to provide all documentation relating to moisture mapping and the water mitigation scope.

### DEFENDANTS' POSITION

Although we strongly disagree with some of the comments and characterizations of documents by Plaintiff, we need not burden the Court with factual disputes here. Defendants do not argue that the documents sought are privileged or should be withheld. Instead, Defendants have made clear, in writing and in no uncertain terms, that no such documents exist and no moisture mapping was performed by MKA. Defense counsel has confirmed this through the review of documents, including Defendants' documents, Plaintiff's documents, expert files, and MKA's August 2022 response to Plaintiff's subpoena. In addition, Defense Counsel has confirmed with MKA, by phone, that that no such documents exist, no such documents were withheld in response to Plaintiff's subpoena, and no moisture mapping was performed by MKA.

Given that Plaintiff's entire argument is based on the flawed assumption that MKA performed moisture mapping, this alone should resolve the alleged discovery dispute. By way of further explanation, however, MKA's inspection revealed only minor localized water damage as opposed to wide-spread water damage. As a result, while moisture mapping was clearly considered prior to MKA's inspection, MKA ultimately determined that this mapping was not necessary given the lack of widespread water damage. Instead, it prepared an estimate addressing the damage identified. Put simply, there were no indications of widespread damage that indicated a need for moisture mapping. In closing, it is unclear what Plaintiff seeks to accomplish by way of this discovery dispute.

Neither Rule 26, Rule 34, nor common sense require the production of that which does not exist. In closing, it is unclear what Plaintiff seeks to accomplish by way of this discovery dispute. Neither Rule 26, Rule 34, nor common sense require the production of that which does not exist.

Respectfully submitted,

/s/ Matthew Zarghouni
**Zar Law Firm**

/s/ Greg Winslett
**Quilling, Selander, Lownds,
Winslett & Moser, P.C.**

This matter has been referred to me for general pretrial purposes. The Court has reviewed the letter setting forth the discovery dispute as presented by both Plaintiff and Defendants. Defendants have represented that it is not withholding any moisture mapping documentation and that no such moisture mapping was done, even confirming with the adjuster, MKA. If Plaintiff believes otherwise, it can probe further at relevant depositions or through third-party discovery. For now, there is nothing to order. Accordingly, the application is denied without prejudice to a later application if further information comes to light demonstrating the existence of the sought-after documentation.

SO ORDERED:

3/7/2023

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

5